# EXHIBIT A



# CONFIDENTIALITY AGREEMENT

This Agreement, dated the 26 day of May, 2020, between Ever-Seal Incorporated and its subsidiaries, whose address is 242 West Main Street, Suite 311 Hendersonville, Tennessee 37075 ("Ever-Seal Inc.") and Brad Halferty,("employee"), sets forth the terms and conditions for the confidential disclosure of information between them in connection with a proposed business opportunity contemplated by them (hereafter the "Transaction"). As used herein, the party disclosing information is referred to as "Discloser" and the party to whom such information is disclosed is referred to as "Recipient." These terms and conditions shall be effective regardless of whether or not the Transaction is entered into. If the Transaction is entered then the terms of this Agreement shall remain in full force and effect throughout the term of such Transaction and thereafter, as provided herein. Therefore, the parties agree as follows:

1. **Confidential Information.** Confidential Information means information disclosed by Discloser to Recipient, or its agents, employees and /or independent contractors, in any manner, that is not generally known in the industry in which Discloser is engaged, about its business and which Discloser desires be kept confidential. As to Ever-Seal Inc., Confidential Information includes, but is not limited to, operating procedures and results, customer information, information about technical, administrative, management, financial or other activities with respect to its development program, distribution networks, software programs, marketing plans and strategies, strategic alliance or joint venture arrangements, trade secrets, know-how and ideas.

2. **Confidential Material.** Confidential Materials includes all physical embodiments of Confidential Information (including but not limited to specification sheets, recording media, software listings, contracts, reports, lists, manuals, quotations, proposals, correspondence or product information).

3. **Restrictions on Disclosure and Dissemination.** Each party acknowledges it is being provided the aforesaid Confidential Information and Materials in a fiduciary capacity in connection with the Transaction and that the Confidential Information and Materials are and will be of a secret, proprietary and confidential nature. Each party further acknowledges that, except as otherwise provided herein, during the term of the Transaction and for a period of two years thereafter, it will never, directly or indirectly, use, disseminate, disclose or other wise divulge any Confidential Information or Confidential Material. Further, each party shall prevent any unauthorized disclosure of Confidential Information or Materials by its employees, agents or independent contractors. Furthermore, employees, contractors, or associates of Ever-seal Inc., upon voluntary or involuntary termination of employment or contract, agree to not enter employment or contract with, nor advise, another company or business entity that is in direct or indirect competition with Ever-Seal Inc. or any of its entities for the same two-year period thereafter.

4. **Exceptions to Restrictions on Disclosure.** Confidential Information shall not include any information that (i) is or becomes generally known in the trade or industry in which Discloser is engaged and is available to the public other than as a result of a disclosure by Recipient or its employees, agents or independent contractors in breach of this Agreement; (ii) can be demonstrated to have been in Recipient's possession prior to disclosure by Discloser; (iii) has come into the possession of Recipient from a third party who is not known by Recipient to be under any obligation to Discloser to maintain the confidentiality of such information; (iv) was independently developed by Recipient without the use of any Confidential Information; or (v) where disclosure of such Confidential Information has been consented to by Discloser in writing. Each party agrees that the other party shall have no obligation to grant such consent to disclose, and that any refusal by either party shall be in its sole discretion, without explanation to the other party or recourse by it.

5. **Use of Confidential Information and Materials.** Recipient shall use any Confidential Information and Materials received solely in connection with the Transaction. Recipient shall treat and handle all Confidential Information with the same standard of care used with respect to its own confidential information. Recipient agrees to disclose such Confidential Information only to (i) its officers, directors, employees and affiliates involved in the Transaction; (ii) to such agents, representatives, attorneys and advisors as have been retained by Recipient in connection with the Transaction; (iii) in response to subpoena, court order or similar legal process, or as otherwise required by applicable law or regulation.

Ever-Seal Inc. .NCND V.1                                          1
Case 3:22-cv-00365   Document 1-1   Filed 05/18/22   Page 2 of 3 PageID #: 26

Recipient shall not remove any proprietary rights legends from Confidential Materials and shall add proprietary rights legends to any materials that disclose or embody Confidential Information. Other than as expressly granted in writing, Discloser does not grant any license to Recipient under any copyrights, patents, trademarks, trade secrets or other proprietary rights to use or reproduce any Confidential Materials. Neither party shall remove from the offices of the other, without written consent, books, records or documents, nor make copies of such books, records, documents or client lists for a use other than in connection with the Transaction.

6. **Obligations Recipient in Event of Subpoena or Legal Process.** If Recipient is required by subpoena, court order or similar legal process, applicable law or regulation to disclose Confidential Information, Recipient will use its reasonable best efforts to provide Discloser advance notice so as to afford it the opportunity, at Discloser's sole cost and expense, to pursue a protective order or other remedy and Recipient shall reasonably cooperate with Discloser in such efforts so long as such cooperation does not expose Recipient to risk of liability, penalty or censure. In no event shall Recipient be liable for any damages resulting from disclosure of the Confidential Information pursuant to this paragraph 6.

7. **Return of Confidential Material.** Each party will return to the other all Confidential Material and copies thereof at any time upon request and, in any event and without such a request, upon termination of the investigation and evaluation which is the subject of this Agreement. At Discloser's option, such Confidential Materials may be destroyed by Recipient who shall then provide Discloser with an affidavit attesting to such destruction.

8. **Breach of Agreement and Remedies.** The parties agree that compliance with the terms of this Agreement is necessary to protect the business and good will of each party. Further, the parties agree that a breach of this Agreement will irreparably and continually damage the other and that an award of money damages will not be adequate to remedy such harm. Therefore, the parties agree that each shall be entitled to both a preliminary and/or permanent injunction in order to prevent the continuation of such harm as well as an award of money damages, insofar as they can be determined, including, without limitation, all reasonable costs and attorney's fees incurred in enforcing the provisions of this Agreement.

9. **Applicable Law.** This Agreement and the validity, interpretation, performance and enforcement hereof shall be governed by the domestic laws of the State of Tennessee without giving effect to the principles of conflicts of laws thereof. The parties further agree that any legal action or proceeding relating to any dispute arising hereunder between the parties shall be brought in the courts of the State of Tennessee, USA. The parties also agree that service of process may be served by certified mail, return receipt requested.

10. **Waiver of Breach.** The waiver by either party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

11. **Entire Agreement.** This Agreement contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior agreements between the parties. It may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought.

12. **Notices.** Any notice required or permitted to be given pursuant to this Agreement shall be sufficiently given when delivered or, if sent by Certified Mail, postage prepaid, return receipt requested, on the third day after such mailing, directed to an officer of Ever-Seal Inc.. at the address set forth at the beginning of this Agreement, or to such other address as a party shall designate in writing to the other.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement under their seals as of the date and year first written above.

Ever-Seal Inc. & Subsidiaries.

By: _____  By: _____
     Steve M Nelson                          signature

Name: Steve Nelson                    Name: Brad Halferty

Title: CEO                            Title: Estimator

Ever-Seal Inc. .NCND V.1

2