IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **EVER-SEAL, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:22-cv-00365** |
| **v.** | ) | |
| | ) | **JUDGE RICHARDSON** |
| **DURASEAL, INC.** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT DURASEAL, INC.'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION
## AND, IN THE ALTERNATIVE, TO TRANSFER VENUE

---

Defendant, DuraSeal, Inc. ("Defendant"), by and through counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint and, In the Alternative, to Transfer Venue. Dismissal is warranted because (1) this Court lacks personal jurisdiction over Defendant, and (2) this case was filed in an improper venue. *See* Fed. R. Civ. P. 12(b)(2) and (b)(3). Although dismissal is the most appropriate relief in the absence of personal jurisdiction, this matter should, at a minimum, be transferred to another judicial district in which Defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1406(a). If this Court elects to transfer this case, this Court should transfer this case to the United States Bankruptcy Court for the Eastern District of North Carolina under the first-to-file doctrine.

### INTRODUCTION AND SUMMARY OF ARGUMENT

Ever-Seal, Inc. ("Plaintiff") is a Tennessee company in the business of providing wood and

1

concrete restoration and permanent sealing services to individuals and businesses throughout the Southeastern United States. Plaintiff seeks temporary, preliminary, and permanent injunctive relief enjoining Defendant from employing, contracting, or engaging in any type of working or advisory relationship with several of Plaintiff's former employees or any other person who worked for or received training from Plaintiff, as well as for monetary damages.

Defendant DuraSeal, Inc. is a Delaware corporation with its principal place of business in North Carolina. Defendant is wholly owned by North Carolina resident Stephen Bradley Halferty ("Mr. Halferty"). While Mr. Halferty originally created Defendant, he has never actually used the corporate form to conduct any business. Rather, Mr. Halferty has always operated his business as a sole proprietorship. Consequently, Defendant has no employees, customers, accounts, or property and cannot truly be said to be engaged in business in any real sense.

On January 14, 2022, Mr. Halferty, doing business as "DuraSeal" (a sole proprietorship) filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of North Carolina. Plaintiff subsequently sued Mr. Halferty d/b/a "DuraSeal" (the sole proprietorship) in this Court on February 8, 2022 for breach of contract, breach of fiduciary duty, and intentional interference with business relations. After Mr. Halferty filed for Chapter 13 bankruptcy, this Court stayed the proceedings against him and his sole proprietorship. Plaintiff then initiated an Adversary Proceeding against Mr. Halferty in the E.D. North Carolina Bankruptcy Court, seeking substantially similar relief as sought from this Court. After the E.D. North Carolina Bankruptcy Court denied Plaintiff relief from the stay, Plaintiff filed this action against DuraSeal, Inc. Only after Ever-Seal's lawsuit against Mr. Halferty individually and doing business as "DuraSeal" was stayed, and the E.D. North Carolina Bankruptcy Court denied Ever-

2

Seal's request for injunctive relief, did Ever-Seal commence this action against DuraSeal, Inc., essentially seeking to circumvent the bankruptcy stay.

Defendant has never transacted any business in Tennessee (or elsewhere) and has no connection to Tennessee. Defendant, therefore, has no minimum contacts with Tennessee and has not purposefully availed itself of Tennessee such that this Court may exercise personal jurisdiction over it. Furthermore, the United States District Court for the Middle District of Tennessee is the improper venue for this action to be heard. That is because this case has no substantial connection to the Middle District of Tennessee and the alleged conduct Plaintiff complains of occurred outside of Tennessee. Under the first-to-file rule, this Court should transfer this case to the U.S. Bankruptcy Court for the Eastern District of North Carolina because the Plaintiff seeks substantially similar relief from similar defendants and risks receiving a double recovery unless this case is transferred.

## FACTUAL BACKGROUND

On January 14, 2022, Mr. Halferty, doing business as "DuraSeal" (a sole proprietorship) filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of North Carolina. *See* Bankr. Ct. E.D. N.C. Case No. 22-00101-5-DMW. *See* **Exhibit B**, Halferty's Vol. Pet. For Individuals Filing for Bankruptcy.

Plaintiff filed a Complaint in this Court against Mr. Halferty doing business as "DuraSeal" in February 8, 2022, for breach of contract, breach of fiduciary duty, and intentional interference with business relations. *See* M.D. Tenn. Case No. 3:22-cv-00082. The action against Mr. Halferty in this Court was stayed after Plaintiff filed a Suggestion of Bankruptcy in that case. *See, e.g.*, Pl.'s Am. Compl. ¶ 3 (ECF No. 39).

3

On March 17, 2022, Plaintiff commenced an Adversary Proceeding against Mr. Halferty and his sole proprietorship in the E.D. North Carolina Bankruptcy Court. *See* **Exhibit C**, Ever-Seal, Inc.'s Adv. Proc. In Case No. 22-00101-05-DMW. On March 25, Bankruptcy Judge David M. Warren denied Plaintiff relief from the Automatic Stay, finding that this Court had entered a temporary restraining order against Mr. Halferty, outlining the reasons for which the E.D. North Carolina Bankruptcy Court had jurisdiction over the claims against him, and explicitly noting that if would be inefficient for this Court to preside over those claims. *See* **Exhibit D**, the Bankruptcy Court's Order Denying Relief from Automatic Stay. Plaintiff filed its first Complaint against Defendant DuraSeal, Inc. in this Court on May 18, 2022. Pl.'s Compl. (ECF No. 1). Plaintiff filed an Amended Complaint on June 17, 2022, alleging theories of liability for inducement of breach of contract and intentional interference with business relations. Pl.'s Am. Compl. ¶¶ 137–192.

Plaintiff alleges that Defendant, acting through Mr. Halferty, began committing tortious conduct in Tennessee in June 2021 and has continued to commit such conduct. *Id.* at ¶¶ 6–10. As bases for specific personal jurisdiction over Defendant, Plaintiff alleges that Defendant purchased chemicals in Tennessee, that Defendant uses information and knowledge from a week of appointments in Tennessee during Mr. Halferty's training by Plaintiff, and that Defendant encouraged Plaintiff's former employees to breach their Tennessee agreements with Plaintiff by using information gained from their training and working relationship with Ever-Seal, which is based in Tennessee. *Id.* at ¶ 23.

Defendant is incorporated in Delaware and has its principal place of business in North Carolina. *See* **Exhibit B**, Declaration of Stephen Bradley Halferty [*hereinafter*, "Halferty Decl."] ¶ 3; Pl.'s Am. Compl. ¶ 16. Defendant is wholly owned by Mr. Halferty, who is its only officer and

director. Halferty Decl. ¶¶ 4; 8. Defendant was formed on August 31, 2021. *Id.* ¶ 2. Defendant has never conducted any business, entered into any contracts, hired employees, contractors, or workers, and as such, Defendant has never done business in Tennessee. *Id.* ¶¶ 5-7; 9-17; 33-40. Defendant does not own property, have any assets, have bank accounts, filed taxes, or any other medium of connection to Tennessee. *Id.* ¶¶ 11-17; 33-40. Defendant has never made any purchases of chemicals in Tennessee. *Id.* ¶ 42.

Mr. Halferty—conducting business as a sole proprietorship—only does business in North Carolina, South Carolina, Georgia, and Florida; it has never done any business in Tennessee in North Carolina, South Carolina, Florida, and Georgia, but never Tennessee. *Id.* ¶¶ 31; 33. While Mr. Halferty has a website and advertises on behalf of his sole proprietorship, Defendant does not pay for advertisements or otherwise target or pursue business in Tennessee or elsewhere. *Id.* ¶¶ 18–22. Mr. Halferty has always done business as a sole proprietorship and does not refer to DuraSeal, Inc. in dealings with customers. *Id.* ¶¶ 23-25; 29-30. Mr. Halferty's employees and contractors are paid from personal accounts; no aspects of his business refer to "DuraSeal, Inc." *Id.* ¶¶ 26-29.

While Defendant has no employees, Kevin Goggins and Tim Lucero worked for Mr. Halferty via his sole proprietorship in North Carolina. *Id.* ¶¶ 43-44. Mr. Goggins previously worked for Plaintiff in Tennessee, and Mr. Halferty hired Mr. Goggins *after* he had quit his job in Tennessee and traveled for about a month. *Id.* Mr. Lucero previously worked for Ever-Seal in Kentucky, and only began working for Mr. Halferty's sole proprietorship *after* expressing concerns about Ever-Seal's customer complaints, lack of leads, and improper management to Mr. Halferty. *Id.* Furthermore, Mr. Halferty never received training from Plaintiff in Tennessee. *Id.* ¶ 45.

5

## LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of an action where a district court lacks the requisite personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The Sixth Circuit has set forth a well-defined procedural design aimed at guiding district courts in disposing cases for lack of personal jurisdiction. *See Dean v. Motel 6 Operating, L.P.*, 134 F.3d 1269, 1271–72 (6th Cir. 1998). Plaintiff, as the party seeking assertion of personal jurisdiction, bears the burden of showing that personal jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir. 1996). To do so, Plaintiff must, by affidavit or otherwise, set forth specific facts showing the existence of jurisdiction. *Theunissen*, 935 F.3d at 1458. In other words, Plaintiff must make a *prima facie* showing of personal jurisdiction. *Air Products & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

Federal Rule of Civil Procedure 12(b)(3) permits dismissal or transfer of a case "for improper venue." Fed.R.Civ.P. 12(b)(3). Likewise, here, Plaintiff bears the burden of proving that venue is proper, and whereas the Court may examine facts outside the Complaint, it must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *See, e.g.*, *Gone To The Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 536–37 (W.D. Tenn. 2006). However, "[i]f the court finds that venue is improper, the case may be dismissed or transferred to the district in which it could have been brought" under 28 U.S.C. § 1406(a). *Id.* "[W]hether to dismiss or transfer is within the district court's sound discretion...." *Id.* (quoting *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998)).

## ARGUMENT

## I.     THIS COURT LACKS PERSONAL JURISDICTION OVER DURASEAL, INC.

This Court should dismiss this action because it lacks general personal jurisdiction over

6

Defendant, as Defendant does not have any continuous and systematic contacts with Tennessee. Furthermore, Defendant does not possess sufficient minimum contacts with Tennessee in relation to the alleged tortious conduct to warrant the exercise of specific personal jurisdiction over it. Moreover, a decision to exercise personal jurisdiction over Defendant would not comport with due process under the Constitution of the United States and the laws of Tennessee. For these reasons, this Court should dismiss the Complaint in accordance with Fed. R. Civ. P. 12(b)(2).

### A.    Plaintiff Bears the Burden of Proving Personal Jurisdiction.

The party asserting personal jurisdiction bears the burden of establishing that such jurisdiction exists. *Kerns v. Caterpillar, Inc.*, 583 F. Supp. 2d 885, 891 (M.D. Tenn. 2008); *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478, (6th Cir. 2003). This Court may determine the motion based on affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir.1981)). A defendant who alleges facts that would defeat the court's personal jurisdiction may invoke the court's discretion to order a pretrial evidentiary hearing on those facts. *Serras*, 875 F.2d at 1214. If the written submissions raise disputed issues of fact or seem to require determinations of credibility, the court retains the power to order an evidentiary hearing, and to order discovery of a scope broad enough to prepare the parties for that hearing. *Serras*, 875 F.2d at 1214 (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir.1981); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980) (cert. denied, 450 U.S. 981)). When ruling on a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the nonmoving party. *See Beydoun v.*

*Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014); *Camps v. Gore Capital, LLC*, No. 3:17-cv-1039, 2019 WL 2763902, at *4 (M.D. Tenn. July 2, 2019) (order granting motion to dismiss for lack of personal jurisdiction).

Regardless of whether the Court holds an evidentiary hearing, the *plaintiff always bears the burden* of establishing that jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, (1936); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir.1974). If the court rules on written submissions alone, the plaintiff may not rest on its pleadings to answer the movant's affidavits, but must set forth, "by affidavit or otherwise[,] ... specific facts showing that the court has jurisdiction." *Weller*, 504 F.2d at 904.

Here, for the reasons set forth below, Plaintiff cannot meet its burden to establish that Defendant has continuous and systematic affiliations with Tennessee, and Plaintiff cannot, with reasonable particularity, establish that Defendant had minimum contacts with Tennessee such that the exercise of jurisdiction over Defendant would not offend "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citing *Milliken v. Meyer*, 311 U.S. 457 (1940)). Because Plaintiff will not be able to carry its burden in proving that this Court has jurisdiction over Defendant, this Court should dismiss Plaintiff's Amended Complaint

**B.     This Court Lacks General Personal Jurisdiction Over DuraSeal, Inc. Because It is Not "At Home" in Tennessee and It Has No Continuous or Systematic Affiliation with Tennessee.**

Personal jurisdiction may be found either generally or specifically. *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678–79 (6th Cir. 2012) (citing *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549–50 (6th Cir.2007)).

8

General jurisdiction depends on continuous and systematic contact with the forum state, so that the courts may exercise jurisdiction over any claims a plaintiff may bring against the defendant. *Miller*, 694 F.3d at 675 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir.1997)). A court may assert *general* jurisdiction over a foreign corporation when the corporation's affiliations with the forum are so "continuous and systematic" so as to render it "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). For instance, in *Bauman*, Argentinian residents sued a German automobile manufacturer headquartered in Germany and its indirect subsidiary, a Delaware corporation, in a California federal court. *Id.* at 121–23. The subsidiary was the parent company's exclusive importer and distributer in the United States and had a principal place of business in New Jersey. *Id.* at 121. The subsidiary had multiple facilities in California, including a regional office. *Id.* at 123. Notwithstanding the subsidiary's obvious and arguably significant activities in California, the Supreme Court held that such activities were not sufficient to establish general jurisdiction over the parent or subsidiary, primarily because California was not the state of incorporation for either corporation and neither corporation's principal place of business was located in that state. *Id.* at 138. In other words, the parties were not "essentially at home" in California. *Cf. id.* at 127.

Here, Plaintiff has not affirmatively alleged that this Court has general personal jurisdiction over Defendant. *Cf.* Pl.'s Am. Compl. at ¶ 23 (alleging only specific jurisdiction). This Court cannot exercise general personal jurisdiction over Defendant because it does not have "continuous and systematic general business contacts" with Tennessee to warrant general jurisdiction. *Cf. Bauman*, 571 U.S. at 127. It is undisputed that Defendant is incorporated in the state of Delaware,

9

and that Defendant has its principal place of business in the state of North Carolina. Pl.'s Am. Compl. ¶ 16.

In fact, as set forth in the attached Declaration of Stephen Bradley Halferty, DuraSeal, Inc. does not have any offices or employees in Tennessee, does not own or rent property in Tennessee, has never knowingly derived income from the state of Tennessee, does not advertise in Tennessee, and has never truly done business. Halferty Decl. ¶¶ 5-21; 33–40. Thus, Defendant has no contact with Tennessee, and certainly has no conduct that rises to the level in *Bauman*. Given that the Supreme Court declined to find general personal jurisdiction even where the defendant had a regional office in the forum state, there are no grounds for the Middle District of Tennessee to find general personal jurisdiction over Defendant, which has no general business contact with Tennessee, much less the "continuous and systematic" contacts required for a finding of general person jurisdiction. *Cf. Bauman*, 571 U.S. at 123.

### C. This Court Lacks Specific Personal Jurisdiction Over Defendant Because Defendant Has Not Purposefully Availed Itself of Tennessee and Does Not Have Sufficient Minimum Contacts with Tennessee.

Typically, for specific jurisdiction to exist in a diversity case, two factors must be satisfied: (1) the forum state long-arm statute; and (2) constitutional due process. *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012). However, courts interpret Tennessee's long-arm statute "as coterminous with the limits on personal jurisdiction imposed by the due process clause." *Bridgeport Music, Inc.*, 327 F.3d at 477. Thus, the two inquiries are merged, and here the Court need only determine whether exercising personal jurisdiction over Defendant violates constitutional due process. *Id.* (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir.1996)).

The Middle District of Tennessee applies the three-part *Mohasco* test for recognizing due process in personal jurisdiction cases:

> First, the defendant must *purposefully avail* himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must *arise from the defendant's activities* there. Finally, the acts of the defendant or consequence caused by the defendant must have *a substantial enough connection with the forum* state to make the exercise of jurisdiction over the defendant *reasonable*.

*Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968) (emphasis added); *see Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) (applying *Mohasco*); *see also Scott v. White*, 539 F. Supp. 3d 831, 839 n.3 (M.D. Tenn. 2021) (noting similarities between the Sixth Circuit *Mohasco* test and *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021)). Here, Plaintiff has failed to satisfy the three-part *Mohasco* test.

### i. Defendant has not purposefully availed itself of Tennessee because it has never done business in Tennessee or had a presence in Tennessee.

Plaintiff cannot demonstrate the first specific personal jurisdiction factor—*i.e.*, that Defendant purposefully availed itself of Tennessee. Defendant has never done business and has never caused any consequence in Tennessee.

The first factor of purposeful availment is the "*sine qua non*," or indispensable element, of personal jurisdiction. *See Air Products and Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 550-51 (6th Cir.2007). The Sixth Circuit has defined purposeful availment as "something akin to a deliberate undertaking to do or cause an act or thing to be done in the forum state or conduct which can be properly regarded as a prime generating cause of the effects resulting in the forum state, something more than a passive availment of the forum state's opportunities." *Bridgeport Music, Inc.*, 327 F.3d at 472. For example, where a corporation's representatives traveled to a forum state to solicit business there, or the corporation does sufficient business in the state, the

11

corporation may have purposefully availed itself of the forum state. *See e.g. Cabinets to Go, LLC v. Qingdao Haiyan Real Est. Grp. Co., LTD*, No. 3:21-CV-00711, 2022 WL 1976602, (M.D. Tenn. June 6, 2022) (corporation purposefully availed itself of Tennessee where representatives traveled to Tennessee on three separate occasions to solicit business and the corporation later did extensive business as a result of those solicitations); *ACH Food Companies, Inc. v. Wiscon Corp.*, No. 04-2589 M1/V, 2005 WL 2114056, (W.D. Tenn. Aug. 30, 2005) (where defendant purposely availed itself of the privilege of doing business in Tennessee because it did business with seven customers amounting to over $100,000 worth of business in Tennessee).

The Amended Complaint contains only sparse allegations insufficient to establish specific personal jurisdiction. Plaintiff alleges that Defendant purchased chemicals in Nashville that enabled it to compete against Plaintiff. Pl.'s Am. Compl. ¶ 23. However, DuraSeal, Inc. has never purchased anything in Tennessee, much less the chemicals that Plaintiff alleges are a basis of jurisdiction. Halferty Decl. ¶ 42. Mr. Halferty purchased the alleged chemicals with his personal credit card, and that credit card statement was paid for from Mr. Halferty's personal checking account. *Id.* Crucially, the alleged chemical purchase was made by Mr. Halferty personally on August 16, 2021 *prior to* Defendant ever existing, as Defendant was formed on August 31, 2021. *Id.* ¶ 2; 42. Specific personal jurisdiction would lose all meaning if the purchases made by an owner before a corporation even existed were sufficient to establish jurisdiction over the corporate entity. Furthermore, such chemicals are produced in Georgia, and may be purchased by anyone—there is no agreement or connection with Defendant for exclusive purchase of these chemicals. *Id.* ¶ 42. Defendant has not purposefully availed itself of Tennessee because it has not purchased anything in Tennessee.

Next, Plaintiff alleges that Defendant is unlawfully competing with Plaintiff based on information and knowledge gained from Mr. Halferty's training at Ever-Seal, "including a week of appointments in Nashville, where he [allegedly] gained on-the-job experience and knowledge of Ever-Seal's business, customers, and potential customers." Pl.'s Am. Compl. ¶ 23. However, Mr. Halferty never received on-the-job training in Tennessee. Halferty Decl. ¶ 45. Rather, Plaintiff's owner, Steve Nelson, traveled to North Carolina to "train" Mr. Halferty on sales presentations. *Id.* Indeed, the fact that Mr. Halferty may, at some point, have been present in Tennessee for appointments prior to Defendant's creation does not establish any contact between Defendant and Tennessee as a forum state. Even if Mr. Halferty attended a week of appointments in Tennessee during his relationship with Plaintiff, such contact is far too remote and attenuated with the passage of time to be considered as a contact with Tennessee, and it is irrelevant to finding jurisdiction over Defendant because Mr. Halferty necessarily attended such meetings *prior to* Defendant's existence.

Plaintiff argues that this Court has jurisdiction over Defendant because Plaintiff's former employees were allegedly encouraged to breach their agreements with Plaintiff—a company based in Tennessee—by using information and knowledge from their training and relationship with Plaintiff. Pl.'s Am. Compl. ¶ 23. Here, Defendant has never hired any employee, contractor, or worker—much less encouraged or hired any former employee of Plaintiff. Halferty Decl. ¶¶ 17; 43-44. Because Defendant has no employees or contractors, it could not have used any training that those individuals may have received before they voluntarily left Ever-Seal. *Id.* Furthermore, Plaintiff's former employees, Mr. Goggins and Mr. Lucero, did not receive specialized training from Plaintiff and worked with Mr. Halferty's sole proprietorship—not Defendant DuraSeal,

Inc.—after they had already ceased working for Plaintiff. *Id.* ¶ 44. Furthermore, the fact that Plaintiff's former employees may have agreements with Plaintiff is of no bearing on Defendant, because Defendant has no relationship to those former employees. Because Defendant has no connection to Mr. Goggins or Mr. Lucero, any conduct for which Plaintiff complains is essentially the unilateral conduct of third parties and does not establish any contact between Defendant and Tennessee.

Here, unlike *Cabinets to Go, LLC* and *ACH Food Companies, Inc.*, Defendant sent no representatives to Tennessee, did not do business in Tennessee, and did not interact with the Plaintiff or its former employees in Tennessee. Furthermore, While Mr. Halferty's sole proprietorship maintains a website and advertisements, neither the website, nor the advertisements are labeled with "DuraSeal, Inc." and neither target Tennessee. *See* Halferty Decl. ¶¶ 18-21. "When a website is involved in the personal-jurisdiction analysis, the Sixth Circuit has used the sliding scale approach from *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)." *TailGate Beer, LLC v. Boulevard Brewing Co.*, No. 3:18-CV-00563, 2019 WL 2366948, at *4 (M.D. Tenn. June 5, 2019) (*citing Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 678 (6th Cir. 2005)). The *Zippo* approach distinguishes between "interactive" and "passive" websites: "Interactive websites can subject the defendant to specific personal jurisdiction, whereas passive websites are less likely to confer such jurisdiction." *Id.* "At one end of the spectrum are situations where a defendant clearly does business over the Internet…[a]t the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions." *Id.* "[W]hen this Court has found specific jurisdiction based on the interactivity of a defendant's website, it has been because the website was not only capable of

interactivity, but also had *actually supported business in Tennessee.*" *See Silent Events, Inc. v. Quiet Events, Inc.*, No. 3:16-CV-00716, 2016 WL 4466657, at *3 (M.D. Tenn. Aug. 24, 2016) (emphasis added). Here, Mr. Halferty's website serves his sole proprietorship, and not Defendant. Mr. Halferty's website is passive and does not support business in Tennessee. Tennessee is not even available as an option because he does not do business there. *Id.* ¶ 18. Defendant has not done a penny of business in Tennessee. *Id.* ¶ 33. To the extent that a potential customer might schedule an appointment with Halferty's sole proprietorship through his website, Mr. Halferty "has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions" — and is not sufficient to create specific personal jurisdiction. *TailGate Beer*, 2019 WL 2366948, at *4.

Therefore, it cannot be said the Defendant "purposefully availed itself of the privilege" of acting in Tennessee or causing a consequence here, and Plaintiff has failed to show that Defendant "engaged in some overt actions connecting [D]efendant with [Tennessee]." *Bridgeport Music, Inc.*, 327 F.3d at 480. Because Defendant does not have sufficient minimum contacts with Tennessee, this Court does not have specific jurisdiction over Defendant.

ii.      **Plaintiff's cause of action does not arise from DuraSeal, Inc.'s activities in Tennessee because it has never had any activities in Tennessee.**

Plaintiff cannot show that its causes of action arise from Defendant's activities in or contacts with Tennessee, because Defendant has never conducted activities or had contacts with Tennessee. The Amended Complaint alleges that Defendant conducts business in North Carolina, South Carolina, Florida, and Georgia. Pl.'s Am. Compl. ¶ 17. Plaintiff's allegations facially establish at most that Defendant may have taken actions that impact in the states of North Carolina, South Carolina, Florida, and Georgia—but *not* Tennessee.

15

Plaintiff attempts to impute harm it allegedly suffered outside of Tennessee to itself, as a Tennessee corporation that is headquartered in Tennessee, as a basis for jurisdiction over Defendant. But the Sixth Circuit has found this kind of contact to be "precisely the type of 'random,' 'fortuitous,' and 'attenuated' contacts that the personal availment requirement is meant to prevent from causing jurisdiction." *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722-23 (6th Cir. 2000) (where a defendant's phone, mail, and fax contact with the plaintiff in Ohio and defendant's physical visits there occurred solely because the plaintiff chose to be headquartered in Ohio, not because the defendant sought to further the plaintiff's business and create 'continuous and substantial' consequences there); *see also Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 396 (6th Cir. 1997) (dismissal for lack of personal jurisdiction affirmed where there was no purposeful availment of the benefits and protections of forum state and defendants' "contacts" with forum were too "fortuitous" and "attenuated" when relationship between parties was primarily outside the forum state and any tortious behavior took place outside the forum state).

Therefore, the mere fact that Plaintiff is incorporated and headquartered in Tennessee does not give this Court the ability to exercise personal jurisdiction over Defendant, because Defendant never actually performed activities in Tennessee (or anywhere).

The only actual activity that Plaintiff alleges took place in Tennessee is the purchase of chemicals that, as previously noted, was completed by Mr. Halferty *prior* to Defendant's existence and has no connection to Defendant. Because Defendant has never done any business or had any employees, property, contracts, sales, or any other activity within Tennessee, Plaintiff's causes of action do not arise from Defendant's activities in Tennessee, and this court does not have specific personal jurisdiction over Defendant.

16

### iii.    Defendant does not have a sufficient connection with Tennessee to make the exercise of jurisdiction *reasonable* because it has *never* interacted with Tennessee.

The final factor for this Court to consider under the *Mohasco* test is whether the acts or consequences of the defendant have a substantial enough connection with Tennessee to make the exercise of jurisdiction over it *reasonable. See Mohasco*, 401 F.2d at 381. Federal courts refer to the final element as the "fairness" requirement. *First Nat. Bank of Louisville v. J. W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982). This Court must consider several factors within the reasonableness inquiry: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005); *see also Susan McKnight, Inc. v. United Indus. Corp.*, 273 F. Supp. 3d 874, 888 (W.D. Tenn. 2017).

Defendant acknowledges that under the second factor, Tennessee has an interest in applying its own laws for the benefit of a Tennessee corporation's potential claims. However, *all* other factors weigh strongly in favor of finding no specific personal jurisdiction over Defendant. Litigating in Tennessee, including attending hearings, depositions, and a potential trial, will be burdensome to Defendant because it is located and headquartered in North Carolina. Far more importantly, Plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies would all jeopardized by permitting this lawsuit to advance in Tennessee.

17

There is currently an Adversary Proceeding pending against Mr. Halferty (the sole owner of Defendant), in the United States Bankruptcy Court for the Eastern District of North Carolina. *See* **Exhibit C** Ever-Seal, Inc.'s Adversary Proceeding in Case No. 22-00101-05-DMW. The E.D. North Carolina Bankruptcy Court has already entered an Order finding that this Court would be unable to effectively grant Plaintiff relief against Mr. Halferty in this Court. *See* **Exhibit D**, the Bankruptcy Court's Order Denying Relief from Automatic Stay p. 5-6. The E.D. North Carolina Bankruptcy Court also found that it would be a waste of judicial economy for this Court to attempt to resolve claims involving property already at issue in the Bankruptcy Court's proceedings. *Id.*

Here, Mr. Halferty's and Defendant's interests are so intertwined that orders of this Court will undoubtedly affect the rights and obligations of Mr. Halferty and Defendant. Because the relief sought (and obtained thus far) in this case against Defendant *includes* Mr. Halferty as the sole owner and officer of Defendant—there is substantial risk that such relief will necessarily interfere with potential orders of the E.D. North Carolina Bankruptcy Court and the automatic stay and will impede Mr. Halferty's ability to reorganize under Chapter 13. *See* Prelim. Inj. (ECF No. 34).

## II. VENUE IS NOT PROPER IN THE MIDDLE DISTRICT OF TENNESSEE.

Venue is improper in the Middle District of Tennessee. Under 28 U.S.C. § 1391(b), proper venue only exists in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When venue is improper, a district court "shall dismiss, or if it be in the

interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### A. Defendant is Not a Resident of the Middle District of Tennessee.

It is undisputed that Defendant is not a resident of Tennessee or the Middle District because it is a Delaware corporation headquartered in North Carolina. *Compare* Pl.'s Am. Compl. ¶ 16 *with* 28 U.S.C. § 1391(b)(1). Because Defendant is not "at home" in Tennessee, by virtue of it's incorporation or headquarters, Defendant does not reside in Tennessee under a venue analysis.

### B. No Substantial Activities Took Place in Tennessee.

No substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Tennessee. *Cf.* 28 U.S.C. § 1391(b)(2). This Court applies the "weight of contacts test" when interpreting "a substantial part of the events or omissions." *Precision Rubber Products Corp. v. George McCarthy, Inc.,* 605 F. Supp. 473, 476 (M.D. Tenn. 1984). Under this test, the Court must determine whether the contacts with the forum district are significant. *Id.* Here, Defendant plainly does not reside in Tennessee (or the Middle District) according to the Amended Complaint. Pl.'s Am. Compl. ¶ 16. The Complaint plainly alleges tortious conduct and continuing competition with Plaintiff in states *other than Tennessee*—namely in North Carolina, South Carolina, Florida, and Georgia. Pl.'s Am. Compl. ¶ 17. Furthermore, Defendant does not have contacts with Tennessee and has never done business or had a presence in the Volunteer State. There is therefore no substantial connection in Tennessee to the Plaintiff's claims.

Because, under the weight of the contacts, there is no basis for venue in the Middle District of Tennessee, this Court should dismiss or transfer this case to a proper venue to prevent a 'waste of time, energy and money,' and 'to protect litigants, witnesses, and the public against unnecessary

inconvenience and expense[.]' *Van Dusen v. Barrack,* 376 U.S. at 616 (quoting *Continental Grain v. Barge FBL-585,* 364 U.S. 19, 26-27 (1960)).

C.    **The Eastern District of North Carolina (and Its Bankruptcy Court) Is the District Where This Action May Otherwise Have Been Brought and Should Under the First-to-file Doctrine.**

Finally, under the first-to-file doctrine, the judicial district in which this action "may otherwise [have been] brought" is the Eastern District of North Carolina Bankruptcy Court. *Cf.* 28 U.S.C. § 1391(b)(3). The Middle District and the Sixth Circuit have recognized the "first-to-file rule" as a "well-established doctrine that encourages comity among federal courts of equal rank." *Collier v. MedCare Inv. Corp.*, No. 3:18-CV-00331, 2018 WL 2364050, at *2 (M.D. Tenn. May 24, 2018) (citing *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001)). "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Baatz*, 814 F.3d at 789 (internal quotation marks and citation omitted).

The Sixth Circuit has recognized a "paucity of Sixth Circuit case law explaining how to apply the first-to-file rule," but "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz*, 814 F.3d at 789 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). When the first-to-file rule is properly raised, the district court presiding over the second-filed case has many options for proceeding, including dismissing the case without prejudice, staying the suit before it, allowing both suits to proceed, or, in some cases, enjoining the parties from proceeding in the other suit. *Id.* at 793.

The first-to-file doctrine applies even where the other lawsuit is in bankruptcy court as

opposed to district court. In *Cadle Co. v. Whataburger of Alice, Inc.*, plaintiff Cadle filed several claims in the defendant's Chapter 7 bankruptcy proceedings seeking to recover on a judgment. 174 F.3d 599, 601 (5th Cir. 1999). The bankruptcy judge dismissed Cadle's second amended complaint for lack of standing because he found that the bankruptcy trustee, rather than Cadle, actually owned the claims that Cadle was attempting to assert. *Id.* Apparently unwilling to leave matters in the hands of the bankruptcy court, Cadle filed a complaint in the United States District Court for the Western District of Texas. *Id.* Because the Western District of Texas found that the two cases involved substantially similar issues that might overlap, the Fifth Circuit instructed the district court, as permissible within its discretion, to transfer the case to the bankruptcy court. *Id.* The same reasoning applies here, and the same result should be ordered by this Court.

> **iv.** **The chronology of events supports application of the first-to-file rule because the Bankruptcy Action and Adversary Proceeding were filed before this case.**

The "chronology of events" factor supports applying the first-to-file rule. *See Baatz*, 814 F.3d at 789 (citations omitted). As noted above, the Bankruptcy Action and the Advesary Proceeding were initiated prior to this lawsuit. *See* **Exhibit B** Mr. Halferty's Voluntary Petition for Individuals Filing for Bankruptcy; **Exhibit C** Ever-Seal, Inc.'s Adversary Proceeding in Case No. 22-00101-05-DMW.

Because the Adversary Proceeding predates this case, and because the chronology of events reveals that Plaintiff is attempting to forum shop and evade the E.D. North Carolina Bankruptcy Court's jurisdiction and Automatic Stay, this Court should transfer this case to the E.D. North Carolina Bankruptcy Court and allow that court to determine the issues in this lawsuit.

> **v.** **The parties have a high degree of similarity, because DuraSeal, Inc. is inherently similar to Mr. Halferty's sole proprietorship.**

The "similarity of the parties involved" factor supports applying the first-to-file rule. *See Baatz*, 814 F.3d at 789 (citations omitted). As Mr. Halferty is the sole shareholder and officer of Defendant, Mr. Halferty controls all of Defendant's shares and owns Defendant outright as an S-corporation. Plaintiff has already sued Mr. Halferty multiple times trying to obtain substantially similar relief in the form of injunctions and monetary damages. The Plaintiff is the same between the instant suit and the Adversary Proceeding in the E.D. North Carolina Bankruptcy Court, and the defendants in this case and in the Adversary Proceeding are substantially similar and inextricably intertwined. As this Court observed in its March 26, 2022, Memorandum Opinion and Order on Plaintiff's Motion for Temporary Restraining Order, "to the extent that Plaintiff represents to this Court that DuraSeal[, Inc.] had 'inten[tions]' that were anything other than Halferty's own intentions, or that DuraSeal[, Inc.] 'caused' anything not caused by Halferty's own (causal) conduct, the record to date suggests that Plaintiff is being less than straight with the Court." (ECF No. 15.) As such, there simply is no colorable argument that the parties are not similar.

> **vi.**        **The issues and claims at stake between this case and the Adversary Proceeding are nearly identical.**

The "similarity of the issues or claims at stake" factor supports applying the first-to-file rule. *See Baatz*, 814 F.3d at 789 (citations omitted). Bankruptcy Judge David M. Warren's March 25, 2022, Order denying Plaintiff relief from the Automatic Stay, outlines the issues at stake should this Court not dismiss or transfer this case to the Bankruptcy Court. *See* composite **Exhibit A,** Order Denying Relief from Automatic Stay. Specifically, Bankruptcy Judge Warren found that:

> The issues in the matter before the Tennessee Court involve state common law; however, neither the causes of action in the Complaint, nor the Motion for a

22

temporary restraining order and preliminary injunction, requires intimate familiarity with Tennessee law.

Regarding judicial economy, this court has the ability to adjudicate expeditiously all of the matters at issue between the parties. Even if the Tennessee Court also has the capacity to hear and adjudicate the Motion and Complaint in a timely manner, Ever-Seal asserts claims against the Debtor that, if successful, may qualify as nondischargeable under 11 U.S.C. § 523. *It would be inefficient for the Tennessee Court to liquidate those claims, because Ever-Seal may ultimately be required to obtain a ruling from this court regarding the dischargeability of any judgment. In that situation, collateral estoppel may or may not prevent Ever-Seal from being forced to litigate certain dischargeability issues before this court. Judicial economy will best be served if this court adjudicates all matters between Ever-Seal and the Debtor.*

The court also notes that Ever-Seal employed counsel from Missouri to represent it before the Tennessee Court, and no hardship would be imposed upon that counsel to require them to travel to North Carolina instead of Tennessee. Similarly, the Ever-Seal employee who signed the Declaration filed by Ever-Seal in the Tennessee Court presumably is located in either North Carolina, South Carolina or Florida, and not Tennessee, because he worked for DuraSeal, and those are DuraSeal's markets.

Lastly, the court finds that the Debtor's estate would not be protected properly by a requirement that Ever-Seal seek enforcement of any judgment through this court. As noted above, if the Tennessee Court liquidated the claims against the Debtor, it is possible the Debtor would still be forced to litigate certain issues before this court in conjunction with a subsequent action brought under § 523. *That inefficiency could be detrimental to the Debtor's ability to generate funds to repay his creditors pursuant to a Chapter 13 Plan.*

*Id.* at ¶ 11–14. While Judge Warren was referring to M.D. Tenn. Case No. 3:22-cv-00082, substantially similar issues predominate in this case. Here, Plaintiff seeks injunctive relief and monetary damages against Defendant DuraSeal, Inc., just as it has sought against Mr. Halferty doing business as "DuraSeal." Plaintiff's claims and requested relief are substantially similar across its lawsuits against Defendant and Mr. Halferty doing business as "DuraSeal."

Because the relief sought by Plaintiff from this Court may not result in an effective determination of Plaintiff's claims, may jeopardize Mr. Halferty's ability to generate funds under the Chapter 13 Plan, and the Bankruptcy Court clearly stated it could apply Tennessee law without prejudicing Plaintiff, this Court should transfer this case to the U.S. Bankruptcy Court for the

Eastern District of North Carolina under the first-to-file rule.

## CONCLUSION

This case amounts to a thinly veiled attempt to evade the stay entered by this Court in the case against Mr. Halferty doing business as "DuraSeal," by merely pointing the finger originally pointed at Mr. Halferty to DuraSeal, Inc. instead—a corporation that has never done business, has no employees, and has no connection to Tennessee. Because Defendant has no minimum contacts with Tennessee, this Court should dismiss this case for lack of jurisdiction or transfer this case to the U.S. Bankruptcy Court for the Eastern District of North Carolina. No hearing is necessary because Plaintiff has not—and cannot—allege factual allegations showing personal jurisdiction. *Cf. Serras*, 875 F.2d at 1214.

**WHEREFORE**, for the foregoing reasons, the Defendant respectfully requests this Court:

(1)     If this Court finds it is so required, hold an evidentiary hearing to conclusively determine that there are insufficient minimum contacts between DuraSeal, Inc. and Tennessee;

(2)     Enter an Order **GRANTING** Defendant's Motion to Dismiss and **DISMISSING** Plaintiff's Complaint, finding that this Court lacks personal jurisdiction over DuraSeal, Inc.; or, in the alternative

(3)     Enter an Order **GRANTING** in part Defendant's Motion to Dismiss, finding venue is improper within the Middle District of Tennessee and **TRANSFERRING** this case to the U.S. Bankruptcy Court for the Eastern District of North Carolina.

Defendant has attached a proposed Order granting the requested relief.

Respectfully submitted,



By:   */s/ Thomas W. Shumate*

Thomas W. Shumate IV (TN BPR # 019595)
5141 Virginia Way, Suite 320
Brentwood, TN 37027
Tel.: (615) 229-7499
Fax : (615) 229-7498
www.meridian.law
tom.shumate@meridian.law
*Attorney for DuraSeal, Inc.*

25

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

**Memorandum of Law** has been filed using the Court's CM/ECF system on July 1, 2022, which

will automatically send a copy of the filing to all counsel of record in this case, including the

following counsel:

Stephen J. Zralek
SPENCER FANE BONE MCALLESTER
511 Union Street, Suite 1000
Nashville, TN 37219
Tel: (615) 238-6300
Fax: (615) 687-2763
szralek@spencerfane.com

Breanna R. Spackler (*pro hac vice*)
SPENCER FANE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Tel: (816) 292-8487
Fax: (816) 474-3216
bspackler@spencerfane.com

*Attorneys for Plaintiff*

*/s/ Thomas W. Shumate IV*
Thomas W. Shumate IV