IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EVER-SEAL, INC., | ) | |
| Plaintiff, | ) | NO. 3:22-cv-00365 |
| v. | ) | JUDGE RICHARDSON |
| DURASEAL, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant DuraSeal, Inc.'s Motion to Dismiss for Lack of Jurisdiction and, In the Alternative, to Transfer Venue (Doc. No. 41, "Motion"). Via the Motion and supporting memorandum (Doc. No. 42), Defendant asks the Court to "dismiss this case for lack of jurisdiction or transfer this case to the U.S. Bankruptcy Court for the Eastern District of North Carolina." (Doc. No. 42 at 24). In a prior memorandum opinion (Doc. No. 62), this Court addressed the Motion, setting forth the procedural history of this case as well as an analysis of applicable issues, and concluded as follows:

> For the foregoing reasons, Defendant's Motion will be granted, and this action will be transferred to the United States Bankruptcy Court for the Eastern District of North Carolina. Before the Court enters an order granting the Motion and transferring this action, the Court orders the parties to provide additional briefing on two matters related to the outstanding Order to Show Cause (Doc. No. 40), on which briefing is now complete. (Doc. Nos. 45, 50, 56). Specifically, within two weeks of the entry of this memorandum opinion, each party shall submit a filing not to exceed fifteen (15) pages in length that addresses the issues of (1) whether the Court's forthcoming order finding that this Court lacks personal jurisdiction over Defendant means—because the Preliminary Injunction is void *ab initio* or for some other reason—that Defendant is not subject sanctions for the alleged violation of the Preliminary Injunction (Doc. No. 34), such that the Court's Order to Show Cause (Doc. No. 40) should be vacated; and (2) if Defendant indeed is subject to sanctions for the alleged violation of the Preliminary Injunction, whether this Court

would retain jurisdiction to hold the show-cause hearing as to such violations even after transferring the case to the transferee court.

(Doc. No. 62 at 28-29). Each party thereafter made a filing in response to the Court's directive. In its response, Plaintiff effectively addresses the second of the two specified issues issue by asserting and requesting that the Court transfer the entire case, including matters related to the Court's Order to Show Cause. (Doc. No. 64 at 2-3). Plaintiff does not address the first of the two specified issues, regrettably enough, perhaps because in its view this Court should not even be deciding the issue, *i.e.*, that the issue should be left to the transferee court. As for Defendant, it has effectively the same view regarding the second issue, stating that "even if Defendant were indeed subject to sanctions for the alleged violation of the Preliminary Injunction, this Court would not retain jurisdiction to hold the show-cause hearing as to such violations after transferring the case to the transferee court." (Doc. No. 66 at 2). As for the first issue, Defendant effectively contends (unsurprisingly) that no show-cause hearing should be held because sanctions are not legally permissible here because the preliminary injunction allegedly violated was issued by a court (this Court, obviously) that lacked the personal jurisdiction necessary to issue the preliminary injunction against Defendant in the first place.

Consistent with the parties' views that have been expressed, which strike the Court as sound, the Court will not presume to retain jurisdiction over any show cause hearing that conceivably could be appropriate despite the Court's finding that it lacks personal jurisdiction over Defendant. The Court instead will leave the decision whether to hold a show-cause hearing, and leave the holding of any show-cause hearing that potentially could occur, to the transferee court.

Plaintiff used its response to the Court's above-referenced memorandum opinion as an opportunity to ask the Court to revisit its decision to transfer this case to the *bankruptcy*, as opposed to the *district* court for the transferee district (the "Eastern District of North Carolina"). As

background, on March 17, 2022, Plaintiff commenced an adversary proceeding against Defendant in the Bankruptcy Court for the Eastern District of North Carolina, asserting solely post-petition claims against Defendant for breach of the Confidentiality Agreement and intentional interference with business relations. (*See* Doc. No. 64-1 at 50). In its response to this Court's memorandum opinion, Plaintiff asserts, in pertinent part:

> On July 20, 2022, Plaintiff filed a motion to withdraw the reference of its adversary claims against Halferty to the U.S. District Court in the Eastern District of North Carolina pursuant to 28 U.S.C. § 157(d). As set forth therein, the case against Halferty meets all the criteria for permissive withdrawal of the reference to Bankruptcy Court: the contract action is "non-core"; and Plaintiff has demanded a jury trial there (as it has here), which the Bankruptcy Court cannot conduct without Plaintiff's consent, which it has not provided. (Copy of Plaintiff's Mem. In Support of Mot. to Withdraw Reference attached hereto as Exhibit A). Halferty responded on August 3, 2022, and the Bankruptcy Court transferred the motion to the District Court for determination on August 4, 2022. The United States District Court for the Eastern District of North Carolina opened its separate related case (No. 5:22-mc-00014-FL) to decide whether the claims in the adversary proceeding should be decided in the district court rather than the bankruptcy court. For these reasons, Plaintiff respectfully urges this Court to transfer the case to the U.S. District Court for the Eastern District of North Carolina, rather than the Bankruptcy Court.

(Doc. No. 64 at 3). Defendant responds, in pertinent part:

> Defendant respectfully submits that the Court should deny Plaintiff's request in its brief asking this Court to transfer this case to the Eastern District of North Carolina District Court instead of the Bankruptcy Court. (Doc. No. 64, PageID# 969–70.) As of the date of this filing, Plaintiff's motion to withdraw reference to its adversary claims against Stephen Halferty individually remains pending before the Eastern District of North Carolina. In that case, Mr. Halferty's bankruptcy counsel has filed an opposition to Plaintiff's motion, arguing that Mr. Halferty's counterclaim is an estate asset, that the dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(O), and that it would be "more efficient for th[e] adversary proceeding to remain in the Bankruptcy Court because the issues raised may intersect with and be impacted by confirmation of the plan." See Stephen Bradley Halferty's Response to Plaintiff's Motion to Withdraw Reference, attached hereto as Exhibit A; see also 28 U.S.C. § 157(b)(2)(O) ("Core proceedings include . . . other proceedings affecting the liquidation of the assets of the estate"). Defendant is mindful of the fact that Plaintiff's motion to withdraw reference is not before this Court and that the Court did not ask the parties to brief the issues raised in that motion. However, Defendant would note that Mr. Halferty's opposition to the motion to withdraw reference echoes this Court's determinations in its August 23,

> 2022 Memorandum Opinion that "Plaintiff's claims do not involve rights created by bankruptcy law and are not 'core' bankruptcy proceedings,'" that there is "relatedness between this action and the bankruptcy proceeding," that "[t]he outcome of the instant litigation could affect Defendant's liabilities as well as the administration of the estate," and "that judicial economy and efficiency are best served by transferring this action to the court where the bankruptcy case is already pending."
>
> Given that the Eastern District of North Carolina has neither granted nor denied Plaintiff's motion—which was filed in July 2022—Defendant disagrees with Plaintiff's assertion that "recent events" justify altering the Court's August 23, 2022 Memorandum Opinion. (Plaintiff's unsolicited eleventh-hour request for transfer to the District Court instead of the Bankruptcy Court is yet another attempt at forum shopping. Defendant respectfully submits that the Court should transfer this case to the United States Bankruptcy Court for the Eastern District of North Carolina as decided in its Memorandum Opinion, such that the Bankruptcy Court may then decide how to handle Plaintiff's request.

(Doc. No. 66 at 12-13) (some citations omitted).

The Court comes down on the side of Defendant. As Plaintiff notes, "[a] motion to withdraw the reference to the bankruptcy court is governed by 28 U.S.C. § 157(d), which provides, in relevant part, '[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.'" (Doc. No. 64-1 at 6) (quoting 28 U.S.C. § 157(d)). True, "[t]he withdrawal of a reference transfers a dispute from the bankruptcy court to the district court." *Robert G. Furst & Assocs., Ltd. Defined Ben. Pension Plan v. ML Manager LLC*, No. CV-12-2304-PHX-FJM, 2013 WL 1866966, at *2 (D. Ariz. May 2, 2013). But a mere motion to withdraw the reference is another matter; as the statute indicates, it is up to the district court to order the withdrawal, and this cannot be said to have occurred merely because a motion for withdrawal has been filed. Here, the motion to withdraw remains pending (as far as the record in this case and the electronic docket from the Eastern District of North Carolina shows), and so there has not yet been—and may never be—a withdrawal of the reference. So Plaintiff has not established the (current) existence of a valid basis

for the Court to reconsider its decision to transfer this case specifically to the transferee district's bankruptcy court. The Court thus will adhere to its prior decision, and leave to the courts of the transferee district the decision whether the case should ultimately be transferred to the district court based on (perhaps among other things) any withdrawal the transferee district court subsequently may order.

## CONCLUSION

For the reasons set forth above, and in the Court's prior memorandum opinion (Doc. No. 62), the Court finds that transfer of this matter (in its entirety) to the United States Bankruptcy Court for the Eastern District of North Carolina is appropriate. The Clerk of this Court is directed to effectuate such transfer and close this file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE